Kevin R. Sutherland (State Bar No.: 163746)
Michael A. Hession (State Bar No.: 219103)
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email:  kevin.sutherland@clydeco.us
        michael.hession@clydeco.us

Attorneys for Plaintiff
LIZTON TRADING, LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LIZTON TRADING, LIMITED,<br><br>Plaintiff,<br><br>vs.<br><br>ATM LENDERS, LLC, VEDAD ZAIMOVIC, an individual and AMRE YOUNESS, an individual.<br><br>Defendants. | Case No. CV09-02165 R (JCx)<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. MALICIOUS PROSECUTION<br>3. ABUSE OF PROCESS<br><br>JURY TRIAL DEMANDED |

PLAINTIFF LIZTON TRADING, LIMITED ("Lizton") hereby files its Complaint against defendants ATM Lenders, LLC ("ATM"), Vedad Zaimovic ("Zaimovic") and Amre Youness ("Youness"), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for breach of contract, malicious prosecution and abuse of process. Plaintiff Lizton seeks damages and attorney's fees for the breach of contract on the part of defendant ATM, and its principals and/or owners defendants Zaimovic and Youness to honor the contractual obligation that ATM timely pay without delay any arbitration award that was rendered pursuant to the

COMPLAINT

valid and enforceable arbitration clause contained in the salvage aircraft sales contract that existed between plaintiff and defendant ATM.

2. Plaintiff Lizton additionally seeks damages and attorney's fees arising from defendants' improper utilization of the U.S. legal process for improper purposes and with improper intent, including but not limited to, the intent to delay and avoid the payment of a valid and enforceable arbitration award that was properly lodged against ATM in a proper forum and according to proper procedure expressly delineated by the contract executed by defendant ATM, as an alter-ego of, and through and for the benefit of defendants Zaimovic and Youness, with plaintiff Lizton.

## GENERAL ALLEGATIONS

3. Plaintiff Lizton is a corporation organized and existing under the laws of the British Virgin Islands, with its principal place of business in the British Virgin Islands.

4. Defendant ATM is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Pasadena, California.

5. Defendant Zaimovic is an individual who is a resident of the State of California and is a principal and/or co-owner of defendant ATM.

6. Defendant Youness is an individual who is a resident of the State of California and is a principal and/or co-owner of defendant ATM.

7. This Court has diversity jurisdiction under 28 U.S.C. Section 1332, because the parties are citizens and/or residents of different states, and the amount in controversy exceeds $75,000.

8. Venue is appropriate in the United States District Court for the Central District of California, Los Angeles Division, because defendants ATM, Zaimovic and/or Youness reside therein, and the central facts underlying plaintiff's allegations against defendants occurred within the jurisdiction of this Court.

## FACTUAL BACKGROUND

9. In or around July or August 2005, ATM and Lizton entered into a contract for the sale of a salvage Gulfstream IV jet aircraft, including the engines thereto and a related credit for engine work. At all relevant times, herein, defendants Zaimovic and/or Youness were principals and/or owners of ATM, and/or acted as the agent of ATM and/or utilized ATM for their own personal benefit, such that ATM was the mere alter-ego of Zaimovic and/or Youness.

10. A dispute between Lizton and ATM arose out of the salvage agreement in which Lizton agreed to sell, and ATM agreed to purchase, the rights to the salvage of a Gulfstream IV Aircraft pursuant to specified terms. The salvage agreement provided that the salvage included an engine credit (for work on and/or parts for the two Rolls Royce Tay 611-8 engines which were attached to the aircraft) worth US$404,093.53 and that ATM should initially pay this amount into escrow, pending Lizton's confirmation and proof that the said credit had been procured. ATM subsequently disputed that proof of the existence of the engine credit had been procured within the time allowed under the Agreement, sold the engines and engine credit to non-party Prime Jet and then refused to release the US$404,093.53 to Lizton in payment of the engine credit. Proceedings regarding the US$404,093.53 were subsequently commenced in Oklahoma, where the judge ordered that the dispute should be resolved by way of arbitration as provided by the arbitration provision of the salvage agreement.

11. Pursuant to the clear and unambiguous language of the contract between ATM and Lizton, on February 16, 2006, Lizton commenced an arbitration before the London Court of International Arbitration ("LCIA") seeking a resolution of the parties' dispute regarding the terms thereof, as well as a determination as to the rights to the escrowed funds maintained in the Oklahoma escrow account.

12. Pursuant to the express language of the contract between ATM and Lizton, the rules of the LCIA were incorporated therein by reference, and bound

the respective parties as if the rules were expressly set forth therein. These rules, incorporated into the contract, require that, among other things, the parties pay any award issued by an arbitrator pursuant to the authority of the LCIA without delay, and that both parties waived their right to any appeal of the ultimate award of the arbitration tribunal.

13. An arbitrator was appointed to preside over the arbitration and a final hearing was conducted on September 6 and 7, 2007.

14. On April 11, 2008, the arbitrator issued his Final Award, declaring that: (1) Lizton was entitled to payment in the sum of US$404,093.53 and ATM was ordered to pay that sum to Lizton or otherwise cause the release of that sum to the benefit of Lizton; (2) ATM was to pay Lizton simple interest on the principal sum of US$404,093.53 at the rate of 9 percent per annum from November 14, 2005 until the date of full payment to Lizton; (3) ATM was awarded the amount of US$27,914.83; (4) ATM was to pay Lizton £86,351.00 in respect of Lizton's legal costs; (5) ATM was to bear its own legal costs and its cost of arbitration; (6) ATM was to pay Lizton £9,071.68 in respect of the costs of arbitration paid by Lizton to the LCIA; (7) ATM was to pay Lizton interest on the sums ordered with in (4) and (5) above at the rate of 2 percent above LIBOR, to commence fourteen days after the date of receipt of the Final Award by ATM (April 15, 2008) if payment was not received beforehand, until the date of full payment to Lizton; and (8) all other claims and counterclaims were fully adjudicated and dismissed.

15. ATM did not appeal the arbitration award in the United Kingdom, other than to argue that a particular claim it asserted had not been adjudicated by the arbitration tribunal. That limited argument was rejected and ATM's time to appeal the Final Award in the United Kingdom in any other way has passed.

16. ATM, despite its contractual obligation to do so without delay, and despite repeated requests, on its own corporate initiative and at the direction of defendants Zaimovic and Youness, in their individual capacities, has failed and

refused to agree to a release of the escrowed funds, nor pay any portion of the Final Award, although these funds have been due and owing in their entirety since the issuance of the arbitration award on April 22, 2008.

17. Instead, on or around July 25, 2008, ATM, both on its own corporate initiative and at the direction of defendants Zaimovic and Youness, in their individual capacities, filed a lawsuit against Lizton in U.S. District Court for the Central District of California, asserting allegations that were substantially similar to those addressed in the arbitration that was conducted, and determined to finality, as described above, in London pursuant to the LCIA rules.

18. ATM, both in its own corporate initiative and at the direction of defendants Zaimovic and Youness, in their individual capacities, refrained from serving and/or otherwise prosecuting the lawsuit filed in the U.S. District Court for the Central District of California.

19. On September 25, 2008, Lizton was forced to file a motion for the confirmation of the arbitration award and for the disbursement of the escrowed funds.

20. ATM, both on its own corporate initiative and at the direction of defendants Zaimovic and Youness, in their individual capacities, opposed this motion. This opposition, however, was nothing more than a re-argument of points that were made, and rejected by, the LCIA arbitration tribunal.

21. On December 22, 2008, the state district court in Oklahoma granted Lizton's motion to confirm the arbitration award and disburse the escrowed funds.

22. On January 9, 2009, ATM, both on its own corporate initiative and at the direction of defendants Zaimovic and Youness, in their individual capacities, ATM filed a motion to vacate the December 22, 2008 Order confirming the arbitration award and ordering the escrowed funds to be disbursed. This motion, however, was nothing more than a re-argument of points that were made, and rejected by, the LCIA arbitration tribunal.

23. To date, ATM has failed and refused to pay the arbitration award, despite a contractual obligation to do so without delay.

24. ATM executed a legal document known as an Assignment for the Benefits of Creditors ("ABC"), in which it purported to assign all of its assets and debts to a non-party, Credit Manager Association of California. The ABC included an attachment setting forth a document which purported to be a complete recitation of the assets of ATM.

25. On information and belief, this document does not accurately reflect the assets of ATM. Alternatively, on information and belief, certain assets maintained by ATM were transferred to defendant Zaimovic, defendant Youness and/or other unknown individuals, companies and/or other entities prior to the filing of the ABC.

26. On February 5, 2009, the Oklahoma state district court denied ATM's motion to vacate the December 22, 2008 Order, but stayed its order to disburse the escrowed funds. A hearing is scheduled on the latter issue for April 2, 2009 before the Oklahoma state district court.

### FIRST CAUSE OF ACTION -- BREACH OF CONTRACT
(against all defendants)

27. Lizton repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, with the same force and effect as if set forth at length herein.

28. Lizton and ATM entered into a contract in or around July or August 2005. ATM entered into this contract as an alter-ego of, and through and for the benefit of defendants Zaimovic and Youness.

29. That contract imposed a duty upon defendants requiring that they, among other things, ensure that any arbitration award arising out of a contractual dispute must be paid without delay once issued by an appropriate arbitration tribunal.

30. An award was issued against ATM on April 22, 2008 by an arbitrator duly appointed to preside over the dispute between ATM and Lizton.

31. As of the date of this filing, ATM has failed and refused to pay any amount of that arbitration award, in breach of the terms of the contract and in violation of its contractual duties.

32. As a result of this breach, Lizton has suffered, and will continue to suffer, damages, including but not limited to, the accrual of significant costs, attorney fees and resources in an attempt and effort to enforce the arbitration award that ATM agreed to pay without delay and without appeal.

33. Lizton is accordingly entitled to an award of compensatory and consequential damages in excess of $75,000, the exact amount to be determined at trial.

### SECOND CAUSE OF ACTION -- ABUSE OF PROCESS
(against all defendants)

34. Lizton repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33, inclusive, with the same force and effect as if set forth at length herein.

35. On information and belief, Defendant ATM instituted various legal proceedings and asserted motions in pending litigation in the United States, on its own corporate initiative and also through, as an alter-ego of, at the direction of and for the benefit of defendants Zaimovic and Youness in their individual capacities.

36. These legal procedures include, but are not limited to:

a. Objections in the state district court of Oklahoma to the suitability of arbitration for the underlying contractual dispute;

b. Objections and opposition to the confirmation of the Final Award in the state district court of Oklahoma;

c. Motions to vacate the confirmation of the Final Award in the state district court of Oklahoma;

d. A complaint in the U.S. District Court for the Central District of

   d. A complaint in the U.S. District Court for the Central District of California;

   e. An Assignment for the Benefit of Creditors, filed in the state court of California; and

   f. Other similar legal procedures and maneuvers.

37. Defendants' various efforts to avoid the recognition and enforcement of the Final Award have been unsuccessful, including but not limited to:

   a. Defendants' objections in the state district court of Oklahoma to the suitability of arbitration for the underlying contractual dispute were denied;

   b. Defendants' objections to the confirmation of the Final Award in the state district court of Oklahoma were denied;

   c. Defendants' motion to vacate the confirmation of the Final Award in the state district court of Oklahoma was denied;

   d. Defendants' filed, but never served on Lizton, the complaint in the U.S. District Court for the Central District of California.

38. On information and belief, the initiation of each of these actions, procedures and/or maneuvers was done without probable cause and in bad faith.

39. On information and belief, the initiation of each of these actions, procedures and/or maneuvers was done with malice.

40. On information and belief, each of these actions, procedures and/or maneuvers was done for an ulterior purpose.

41. On information and belief, defendants' willfully and intentionally utilized these legal processes, and others, and directed these actions, procedures and/or maneuvers intentionally and for a purpose that is not proper in the regular conduct of proceedings.

## THIRD CAUSE OF ACTION -- MALICIOUS PROSECUTION
### (against all defendants)

42. Lizton repeats, reiterates and realleges each and every allegation

if set forth at length herein.

43. On information and belief, Defendant ATM instituted various legal proceedings and asserted motions in pending litigation in the United States, on its own corporate initiative and also at the direction of defendants Zaimovic and Youness in their individual capacities.

44. These legal procedures include, but are not limited to:

   a. Objections in the state district court of Oklahoma to the suitability of arbitration for the underlying contractual dispute;

   b. Objections and opposition to the confirmation of the Final Award in the state district court of Oklahoma;

   c. Motions to vacate the confirmation of the Final Award in the state district court of Oklahoma;

   d. A complaint in the U.S. District Court for the Central District of California;

   e. An Assignment for the Benefit of Creditors, filed in the state court of California; and

   f. Other similar legal procedures and maneuvers.

45. Defendants' various efforts to avoid the recognition and enforcement of the Final Award have been unsuccessful, including but not limited to:

   a. Defendants' objections in the state district court of Oklahoma to the suitability of arbitration for the underlying contractual dispute were denied;

   b. Defendants' objections to the confirmation of the Final Award in the state district court of Oklahoma were denied;

   c. Defendants' motion to vacate the confirmation of the Final Award in the state district court of Oklahoma was denied;

   d. Defendants' filed, but never served on Lizton, the complaint in the U.S. District Court for the Central District of California.

46. On information and belief, the initiation of each of these actions,

-9-
COMPLAINT

1 procedures and/or maneuvers was done without probable cause and in bad faith.

2   47. On information and belief, the initiation of each of these actions, procedures and/or maneuvers was done with malice.

3

4   48. On information and belief, each of these actions, procedures and/or maneuvers was done for an ulterior purpose.

5

6   49. On information and belief, defendants' willfully and intentionally utilized these legal processes, and others, and directed these actions, procedures and/or maneuvers intentionally and for a purpose that is not proper in the regular conduct of proceedings.

WHEREFORE, Lizton prays for judgment against defendants as follows:

1. For general and compensatory damages in an amount according to proof to be determined at trial, but in any event in excess of US$75,000;

2. For costs of suit incurred in both the Oklahoma and California actions;

3. For interest as provided by law;

4. For attorneys' fees in both the Oklahoma and California actions;

5. For punitive damages in relation to its abuse of process and malicious prosecution claims; and

6. For such other and further relief as the Court may deem just and proper.

Dated: March 25, 2009         CLYDE & CO US LLP

By: _____
KEVIN R. SUTHERLAND
MICHAEL A. HESSION
Attorneys for Plaintiff
LIZTON TRADING, LIMITED

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LIZTON TRADING LIMITED

**DEFENDANTS**
ATM LENDERS, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kevin R. Sutherland/Michael A. Hession - CLYDE & CO US LLP
101 Second Street, 24th Floor, San Francisco, California 94105
Telephone: (415) 365-9800    Facsimile: (415) 365-9801

**Attorneys** (If Known)
Paige R. Parrish, Klika Parrish Bigelow, 959 East Walnut Street, Suite 220, Pasadena, California 91106
Telephone: (626) 796-0008
Attorney for ATM Lenders, LLC

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ In Excess of 75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332 - Breach of Contract - Malicious Prosecution and Abuse of Process

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV09-02165**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): CV08-04646 GW VBKx

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | British Virgin Islands |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date 27 March 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV09- 2165 R (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZTON TRADING LIMITED<br><br>PLAINTIFF(S)<br>v.<br>ATM LENDERS LLC, VENDAD ZAIMOVIC, an individual and AMRE YOUNESS, an individual<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-02165   R (JCx)**<br><br>SUMMONS |

TO: DEFENDANT(S): <u>ATM LENDERS LLC, VEDAD ZAIMOVIC and AMRE YOUNESS</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>CLYDE & CO US LLP</u>, whose address is <u>101 Second Street, 24th Floor, San Francisco, California 94105</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR 27 2009__    By: _____
                                     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                    **SUMMONS**